UNITED STATES DISTRICT COURT Eastern District of Kentucky
EASTERN DISTRICT OF KENTUCKY **F I L E D**
NORTHERN DIVISION
ASHLAND

APR 1 9 2019

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 19-CR- 0:19-cr-2-003

UNITED STATES OF AMERICA                                                PLAINTIFF

V.                          **PLEA AGREEMENT**

MICHAEL ANTHONY WHEELER                                            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Information, charging a violation of 29 U.S.C. §§ 207 (a)(1), 215, and 216 (a), that is, knowing and willfully employing workers who were engaged in commerce and in the production of goods for commerce, and paying such workers compensation for their employment in excess of forty hours a work week at a rate less than one and one-half times the regular rate at which such workers were employed.

2. The essential elements are:

    (a) First, that the Defendant employed employees in an enterprise engaged in interstate commerce and the production of goods for commerce;

    (b) Second, that the Defendant compensated employees for working in excess of forty hours a work week at a rate less than one and one-half times the regular rate; and

    (c) Third, that the Defendant's conduct was willful.

3.      As to the charges, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

Tri State Lawn Care Inc. (Tri-State) was issued 9 visas in 2009, 10 visas in 2010, 10 visas in 2011, 12 visas in 2012, 12 visas in 2013, 11 visas in 2014, 12 visas in 2015, 8 visas in 2016 and 10 visas in 2017 to hire H-2A temporary agricultural workers. The H-2A agricultural workers program, does not have a statutory numerical limit or cap on the number of visas issued in a given year, however, H-2B non-agricultural workers program has a statutory limit of $66,000 per year. In order to obtain the above referenced visas, Tri-State, by Wheeler as president and sole owner, represented on the visa paperwork that the workers would be engaged in agricultural work when Wheeler knew the workers would not be engaged in agricultural work. Rather, the workers did lawn care and construction work, not agricultural work. Employers who employ H-2A workers are prohibited from collecting money from foreign nationals for airfare to and from their home country, for housing or transportation to and from the assigned job site. During the investigation, several workers were interviewed by federal agents and advised that they were required to pay rent, airfare and fees to use Tri-State work trucks. It was determined during the investigation that Wheeler did not pay overtime to the workers as required when they worked more than forty-hours per week. Based upon the investigation, it was determined by the Department of Labor Wage and Hour Division

that during the above referenced time period Wheeler failed to pay $152,382.55 in required overtime wages to the above referenced workers.

4. The statutory punishment for a first offense is a fine of not more than $10,000. The statutory punishment for a second offense is imprisonment for not more than 6 months imprisonment, a fine of not more than $10,000, and supervised release of not more than 1 year. A mandatory special assessment of $~~25~~ $5 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court. The United States and the Defendant reserve the right to object to, remain neutral on, or agree with any and all guideline computations that are different.

United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guideline range.

  (a) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct consists of the actions described in Paragraph 3 of this document.

  (b) Pursuant to U.S.S.G. § 1B1.2(a) the sentencing guidelines do not apply. The penalty shall be no imprisonment unless a second offense and restitution to the workers referenced in paragraph 3 totaling $152,382.55, to be paid at the time of sentencing.

3

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea, conviction and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant agrees to pay restitution in the amount of $152,382.55 in required overtime wages to the workers referenced in paragraph 3 of the plea agreement at the time of sentencing.

9. The Defendant agrees to pay civil penalties in the amount of $25,000 to Wage and Hour Division, United States Department of Labor, at the time of sentencing.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office.

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the plea supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

5

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 4/19/19      BY: *[signature]*
Hydee R. Hawkins
Assistant United States Attorney

Date: 4-19-19      *[signature]*
Michael Anthony Wheeler
Defendant

Date: 4.19.19      *[signature]*
Scott White
Attorney for Defendant

6